IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30915
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GREGORY O'NEAL FRANKLIN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CR-19-1-A
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

        Gregory O'Neal Franklin appeals his jury conviction for
possession of a firearm by a convicted felon in violation of 18
U.S.C. § 922(g).  Franklin argues that the district court abused
its discretion in denying his motion for a continuance to locate
a witness.  Because Franklin failed to demonstrate that he
exercised due diligence in attempting to locate the witness or
that the witness was available and willing to testify, Franklin

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

has not shown that the district court abused its discretion in denying his motion for a continuance.  See United States v. Scott, 48 F.3d 1389, 1393 (5th Cir. 1995).

Franklin also argues for the first time on appeal that the district court's denial of his motion for a continuance violated his Fifth Amendment right to due process and his Sixth Amendment right to compulsory process.  Because Franklin did not raise these arguments in the district court, review is limited to plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  Id. at 162-64 (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)).  If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Olano, 507 U.S. at 736. Franklin has not shown that he exercised due diligence in attempting to locate Butler, that there was a reasonable probability of obtaining Butler's testimony within a reasonable time, that he had any information concerning where Butler currently lives or works, or that he knew any person who might have had more information concerning Butler.  Therefore, the district court's denial of the motion for a continuance did not violate Franklin's due process rights or his right to compulsory

process.  See United States v. Khan, 728 F.2d 676, 678 (5th Cir.

1984).

AFFIRMED.